UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN RESCUE PRODUCTS, INC., | : : : | |
| Plaintiff, | : : | CASE NO. 2:08-CV-0101 |
| v. | : : | JUDGE HOLSCHUH |
| BOUND TREE MEDICAL, LLC, | : : | MAGISTRATE JUDGE KEMP |
| Defendant. | : | |

**MOTION OF DEFENDANT BOUND TREE MEDICAL, LLC TO QUASH SUBPOENAS ISSUED BY PLAINTIFF NORTH AMERICAN RESCUE PRODUCTS, INC. TO DAVID WHITCOMB AND BRUCE FORESTER**

Defendant Bound Tree Medical, LLC ("Bound Tree") hereby moves the Court to quash the subpoenas issued by Plaintiff North American Rescue Products, Inc. ("NARP") to depose Bound Tree's primary trial attorney, David Whitcomb, and a previously deposed Bound Tree employee, Bruce Forester. Bound Tree also moves the Court for its reasonable expenses incurred in preparing this motion, including attorneys' fees. The reasons supporting Bound Tree's motion are set forth in the attached memorandum in support.

**MEMORANDUM IN SUPPORT**

I.  **INTRODUCTION**

NARP has served subpoenas to depose Bound Tree's attorney, David Whitcomb, and a previously deposed Bound Tree employee, Bruce Forester. Bound Tree hereby moves the Court to quash both of these subpoenas. Mr. Whitcomb is Bound Tree's primary trial attorney. The Sixth Circuit has established a high standard for deposing trial counsel, which NARP has not even attempted to satisfy. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002). Specifically, NARP has not identified any information it wishes to obtain from Mr. Whitcomb that is (1) not available from other sources, (2) non-privileged, and (3) essential to the preparation of its case. Accordingly, NARP has not met the requirements set forth by the Sixth Circuit for deposing the trial attorney of an opposing party.

NARP has already deposed Mr. Forester. The Federal Rules of Civil Procedure require a party to seek leave of court before deposing a witness for a second time. Despite this requirement, NARP unilaterally issued a subpoena to Mr. Forester to take his deposition for a second time. NARP's attempt to unilaterally conduct another duplicative deposition is in clear violation of Rule 30(a)(2) of the Federal Rules of Civil Procedure.

NARP has refused to voluntarily withdraw its subpoenas to Mr. Whitcomb and Mr. Forester. NARP's refusal to withdraw these subpoenas is not "substantially justified" under Civil Rule 37(a)(5)(A)(ii). Accordingly, the Court should award Bound Tree its reasonable expenses incurred in preparing this motion, including attorneys' fees.

II.  **STATEMENT OF FACTS**

   A.   **NARP'S Subpoena To Depose Mr. Whitcomb**

This lawsuit involves a claim by NARP that Bound Tree misappropriated information from testimony given by NARP's president, Bob Castellani, in a previous lawsuit between

2

Bound Tree and Kimberly Norton (a former Bound Tree account manager who left the company to work for NARP) in the Franklin County Court of Common Pleas ("the Norton lawsuit").

David Whitcomb is Bound Tree's primary trial attorney in this lawsuit and was lead counsel in the Norton lawsuit. NARP's attorney, Garth Cox, indicated that he would like to take Mr. Whitcomb's deposition in an email on March 31, 2009. In response, knowing that the Sixth Circuit has established a high standard for deposing trial counsel, Mr. Whitcomb asked Mr. Cox to explain NARP's basis for conducting his deposition. (Email from Whitcomb to Cox of 4/1/09, attached as Exhibit A). Mr. Whitcomb explained that, based on NARP's response, he would evaluate whether the deposition was proper. (*Id.*).

Mr. Cox responded in a letter on April 3, 2009. (Letter from Cox to Whitcomb of 4/3/09, attached as Exhibit B). Mr. Cox explained that, regardless of whether there is any adequate basis for conducting Mr. Whitcomb's deposition, NARP "will" issue a subpoena and leave it to Bound Tree to file a motion to quash. (*Id.*). Specifically, Mr. Cox stated:

> With respect to scheduling your deposition, I note your statement that you will review the basis for our request and then determine whether the deposition is "proper." <u>Regardless of your determination, I wish to take your deposition and will issue a subpoena if necessary. You then can file the necessary objection, motion, etc. if you wish</u>. As I have advised, you identified yourself as a person with knowledge of the facts and basis for, at a minimum, the defense raised in the answer filed on behalf of [Bound Tree] that our client has not taken reasonable steps to maintain the confidentiality of its trade secrets. That, as well as other information discovered to date, provides the basis for the request that you make your self [*sic*] available for deposition. Please let me know dates that are convenient with your schedule.

(*Id.* (emphasis added)).[1]

---

[1] For clarification, NARP (not Bound Tree) originally identified Mr. Whitcomb as someone with relevant knowledge in NARP's responses to Bound Tree's interrogatories on July 8, 2008. In response to NARP's view that Mr. Whitcomb has knowledge (which is different than whether it is appropriate to depose him), Bound Tree supplemented its responses to NARP's interrogatories on October 6, 2008, to indicate that all of the lawyers involved in both the Norton lawsuit and this case have the same or similar knowledge.

3

Mr. Whitcomb's supposed knowledge of NARP's efforts "to maintain the confidentiality of its trade secrets" dates back to the Norton lawsuit. NARP's CEO, Bob Castellani, testified during the preliminary injunction hearing in the Norton lawsuit. NARP asserts that Mr. Castellani's testimony included trade secrets, and that Bound Tree has somehow misappropriated those trade secrets. In its Answer and Affirmative Defenses, Bound Tree raised the affirmative defense that NARP has not made reasonable efforts to protect the secrecy of any alleged trade secrets revealed during Mr. Castellani's testimony. Bound Tree raised this defense because the transcript was a public record, and NARP refused to identify those portions of the transcript that it believed were confidential in order to have them sealed. Instead, NARP sought to seal all of Mr. Castellani's testimony – a position that the Franklin County Court of Common Pleas said it would not adopt.

Mr. Whitcomb's knowledge regarding NARP's efforts to protect the confidentiality of its trade secrets is limited to his interaction with Ms. Norton's attorneys and/or NARP's attorneys. Ms. Norton's attorneys (who were being paid by NARP) filed a motion to seal the preliminary injunction hearing transcript on November 17, 2006. Well after the case had been voluntarily dismissed, NARP's attorneys contacted the Ohio court again, on March 27, 2008, in an attempt to renew Ms. Norton's motion to seal. NARP later moved to intervene in the Norton lawsuit for the purpose of trying to seal the preliminary injunction hearing transcript. Other than Mr. Whitcomb's interaction with Ms. Norton's attorneys and NARP's attorneys during these proceedings, and his knowledge of pleadings that were publicly filed, Mr. Whitcomb has no knowledge of NARP's efforts to protect the confidentiality of its alleged trade secrets.

On April 30, 2009 (while Mr. Whitcomb was on vacation), NARP sent Mr. Whitcomb a deposition subpoena by email. (Whitcomb Subpoena, attached as Exhibit C). After he returned

4

from vacation, on May 12, 2009, Mr. Whitcomb sent Mr. Cox an email regarding the subpoena. (Email from Whitcomb to Cox of 5/12/09, attached as Exhibit D). Mr. Whitcomb explained that the Sixth Circuit has set a high standard for taking the deposition of opposing counsel, and that the deposition of opposing counsel is only allowed when (1) no other means exist to obtain the information, (2) the information is relevant and non-privileged, and (3) the information is crucial to the preparation of the party's case. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002). Mr. Whitcomb requested that NARP either withdraw its subpoena or explain why his deposition meets these criteria. (*Id.*).

To date, Mr. Cox has not responded to Mr. Whitcomb's email. NARP has provided no basis for why it believes Mr. Whitcomb's deposition meets the Sixth Circuit's requirements for deposing the trial attorney for an opposing party. Yet, it has refused to withdraw its subpoena to depose Mr. Whitcomb.

**B.     NARP's Subpoena To Depose Mr. Forester**

Bruce Forester is an account manager in Bound Tree's federal government division. Prior to his employment with Bound Tree, Mr. Forester was a special operations medic with the U.S. Army Reserves. NARP initially took Mr. Forester's deposition on December 2, 2008. Even though Mr. Forester lives in Virginia, Bound Tree produced Mr. Forester at Mr. Cox's office in Columbus for his deposition.

During Mr. Forester's 300-page deposition, Mr. Cox asked him detailed questions regarding his professional background, training, experience, and expertise. Mr. Cox also asked Mr. Forester detailed questions regarding his opinion of every Bound Tree or NARP product identified in the Complaint. Bound Tree did not object to NARP's questions regarding Mr. Forester's opinion.

5

Based on Mr. Forester's testimony during this deposition, Bound Tree identified Mr. Forester as an expert witness. Mr. Forester will testify as an expert witness regarding the same issues Mr. Cox questioned him about during his deposition on December 2, 2008.

On May 5, 2009, Mr. Cox sent Mr. Whitcomb an email requesting to depose Mr. Forester again. Mr. Whitcomb responded by stating that Bound Tree had already produced Mr. Forester and did not intend to produce him again for another deposition.

Without obtaining leave of court as required by Rule 30 of the Federal Rules of Civil Procedure, on May 11, 2009, Mr. Forester received a subpoena from NARP to attend a second deposition in Norfolk, Virginia on May 19th. (Forester Subpoena, attached as Exhibit E). On May 15, 2009, Mr. Whitcomb sent Mr. Cox an email explaining again that Mr. Forester had already been deposed about all of the representations in Bound Tree's federal government division sales catalog (which are the subject of NARP's claims under the Lanham Act). (Email from Whitcomb to Cox of 5/15/09, attached as Exhibit F). Mr. Whitcomb requested that NARP withdraw its subpoena of Mr. Forester. (*Id.*).

On the same day, Mr. Cox responded that NARP would not withdraw the subpoena. (Email from Cox to Whitcomb of 5/15/09, attached as Exhibit G).

### III. LAW AND ARGUMENT

#### A. The Court Should Quash NARP's Subpoena To Conduct Mr. Whitcomb's Deposition And Award Bound Tree Costs In Preparing This Motion.

The deposition of opposing counsel may be ordered only if the party seeking the deposition establishes that (1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *See Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir. 2002)

(adopting the test originally set forth in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir.1986)).

NARP has not even attempted to identify any information it seeks to obtain from Mr. Whitcomb that satisfies these requirements.  To date, the only information identified by NARP is Mr. Whitcomb's knowledge regarding NARP's efforts to protect the confidentiality of NARP's trade secrets.  Of course, any information regarding **NARP's own efforts** to protect the confidentiality of **NARP's own trade secrets** is available from sources other than Mr. Whitcomb.  All of Mr. Whitcomb's knowledge concerns efforts by NARP's attorneys and Ms. Norton's attorneys (who were being paid by NARP) to seal the preliminary injunction hearing transcript in the Norton lawsuit.  NARP can easily obtain this information from its attorneys or Ms. Norton's attorneys.  In addition, the majority of NARP's efforts to seal the transcript are reflected in pleadings that were publicly filed with the Franklin County Court of Common Pleas.  Accordingly, NARP has no basis under Sixth Circuit case law for seeking to conduct Mr. Whitcomb's deposition.  *See Nationwide*, 278 F.3d at 628.

NARP's refusal to withdraw its subpoena to depose Mr. Whitcomb is in bad faith.  Mr. Whitcomb sent Mr. Cox an email on May 12, 2009, citing the *Nationwide* case, 278 F.3d at 628, and explaining that an opposing party's attorney can only be deposed if (1) no other means exists to obtain the information, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case.  (Email from Whitcomb to Cox of 5/12/09, attached as Exhibit D).  Mr. Cox made no effort to argue that NARP's subpoena to depose Mr. Whitcomb satisfies these requirements.  Yet, NARP has refused to withdraw its subpoena.

It is abundantly clear that NARP cannot satisfy the Sixth Circuit's three basic requirements for deposing an opposing party's trial attorney.  *See Nationwide*, 278 F.3d at 628.

Accordingly, NARP's refusal to withdraw its subpoena to depose Mr. Whitcomb is not "substantially justified" under Civil Rule 37(a)(5)(A)(ii).  As a result, pursuant to Civil Rule 37(a)(5)(A), the Court must require NARP to pay Bound Tree's reasonable expenses incurred in filing this motion, including attorneys' fees.[2]

> **B.** **The Court Should Quash NARP's Subpoena To Depose Mr. Forester And Award Bound Tree Costs In Preparing This Motion.**

As discussed above, NARP already deposed Mr. Forester on December 2, 2008.  The parties have not agreed that NARP can depose Mr. Forester again, and NARP's attempt to unilaterally conduct another deposition of Mr. Forester is in clear violation of the Federal Rules of Civil Procedure.  Rule 30(a)(2) provides:

> A party must obtain leave of court . . . (a) if the parties have not stipulated to the deposition and: . . . (ii) the deponent has already been deposed in the case.

FED. RUL. CIV. PROC. 30(a)(2)(A)(ii).

NARP has never sought, much less obtained, leave of the Court to conduct another deposition of Mr. Forester.  Accordingly, NARP's subpoena of Mr. Forester must be quashed.  The Federal Rules of Civil Procedure prohibit NARP from unilaterally deposing Mr. Forester again, without first obtaining a stipulation from Bound Tree or leave of the Court.

Further, even if NARP *had* properly moved the Court for leave to depose Mr. Forester again, NARP cannot be permitted to conduct a duplicative deposition of Mr. Forester.  Rule 30(a)(2) provides that leave to conduct a deposition should only be granted "to the extent consistent with Rule 26(b)(2)."  Under Rule 26(b)(2)(C)(ii), the Court must limit the "frequency

---

[2] This is not the first time that NARP improperly issued a subpoena to depose Mr. Whitcomb, forcing Bound Tree to file a motion to quash.  In the Norton lawsuit (and while this case was pending), NARP also improperly subpoenaed Mr. Whitcomb for deposition.  In that case, NARP received permission from the state court to intervene for the limited purpose of filing a motion to seal Mr. Castellani's testimony.  Without any permission from the state court, NARP then proceeded to serve deposition subpoenas to Mr. Whitcomb and several Bound Tree employees.  Bound Tree was forced to file a motion to quash in that case as well.

or extent of discovery" that is "unreasonably cumulative or duplicative." Considering that NARP already questioned Mr. Forester in great detail for 300 transcript pages about his background and expertise, and about every single Bound Tree or NARP product identified in the complaint, another deposition covering the same ground would clearly be cumulative and duplicative.

Although Mr. Forester has now been designated as an expert witness, all that means is that he will testify regarding his opinion of the Bound Tree and NARP products identified in the complaint – which is precisely what NARP already questioned Mr. Forester about in the first deposition. There is nothing new that NARP needs to ask Mr. Forester based on his designation as an expert witness. Mr. Forester has not completed an expert witness report or made any new representations regarding the products of Bound Tree or NARP. In fact, it was based on Mr. Forester's testimony during his deposition that Bound Tree designated him as an expert witness. Mr. Forester's expert testimony will be on the same issues he testified about during the deposition already conducted by NARP.

In any event, NARP has clearly failed to comply with the Federal Rules of Civil Procedure by attempting to unilaterally depose Mr. Forester again without first obtaining leave of the Court. NARP has refused to withdraw its subpoena and properly move the Court for leave. Again, NARP's refusal to withdraw its subpoena to depose Mr. Forester is not "substantially justified" under Civil Rule 37(a)(5)(A)(ii). Accordingly, pursuant to Civil Rule 37(a)(5)(A), the Court must require NARP to pay Bound Tree's reasonable expenses incurred in filing this motion, including attorneys' fees.

**IV.     CONCLUSION**

Bound Tree respectfully requests that the Court grant this motion to quash NARP's subpoenas to depose Bound Tree's attorney, Mr. Whitcomb, and a previously deposed Bound

Tree employee, Mr. Forester.  NARP's subpoenas are clearly prohibited by the Sixth Circuit and the Federal Rules of Civil Procedure.  Bound Tree also requests that the Court grant Bound Tree its reasonable expenses incurred in filing this motion, pursuant to Civil Rule 37(a)(5)(A).

        Respectfully submitted,

/s/Matthew L. Roberts
David A. Whitcomb (0060059)
Matthew L. Roberts (0079938)
Baker & Hostetler LLP
65 E. State Street, Suite 2100
Columbus, Ohio 43215
(614) 228-1541 (Phone)
(614) 462-2686 (Fax)
dwhitcomb@bakerlaw.com
mroberts@bakerlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically on May 18, 2009.  A copy will be served upon counsel of record for Plaintiff through the Court's ECF system.

        /s/Matthew L. Roberts