**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**NORTH AMERICAN RESCUE
PRODUCTS, INC.,**

        **Plaintiff,**

    **v.**

**BOUND TREE MEDICAL, LLC,**

        **Defendant.**

:
:     **Case No. 2:08-cv-101**
:
:     **Judge Holschuh**
:
:     **Magistrate Judge Kemp**
:
:

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court pursuant to Plaintiff's Objections to the November 19, 2009

Order of Magistrate Judge Kemp. (Doc. # 96.)   On May 31, 2009, Defendant filed motions to

compel Plaintiff to produce communications with attorneys for Kimberly Norton (doc. # 57) and to

produce all notes and electronic drafts related to expert witnesses (doc. # 58).   On November 19,

2009, the Magistrate Judge granted both motions, compelling Plaintiff to produce these

communications and documents. (Doc. # 92.)   On December 4, 2009, Plaintiff timely filed

objections to portions of the Magistrate Judge's Order (doc. # 96) and Defendant filed a response

on December 21, 2009 (doc. # 98).   For the following reasons, Plaintiff's Objections to the

Magistrate's Order (doc. # 96) are **OVERRULED**.

I.     **Background**

The circumstances at issue are accurately described in the order to which Defendant objects,

and the Court will summarize them briefly here.   Plaintiff, North American Rescue Products

(NARP), and Defendant, Bound Tree Medical, LLC (Bound Tree), are competitors who sell military

medical supplies. The present lawsuit against Bound Tree for misappropriation of trade secrets, false

advertising, trademark infringement, and unfair competition and trade practices, arises out of a previous lawsuit filed in the Franklin County Court of Common Pleas. In that case, Bound Tree sought to enforce an employment agreement and non-competition agreement with Kimberly Norton, a former Bound Tree account manager who went to work for NARP (the "Norton litigation"). NARP paid for Norton's defense in that action. Norton was initially represented by attorney Robert Noble, who later withdrew and was replaced by attorney Kimberly Herlihy. In the present case, NARP claims that Bound Tree misappropriated information about which NARP's president Bob Castellani testified in the Norton litigation.

In Bound Tree's motions to compel in this action, filed on May 31, 2009, it sought: (1) the communications between NARP and Norton's attorneys, Noble and Herlihy, concerning the state court litigation; (2) Bob Castellani's response to deposition questions concerning his communications with Norton's attorneys; (3) Noble and Herlihy's compliance with subpoenas which requested production of their communications with NARP (doc. # 57); and (4) all notes, including attorney notes, related to the expert witness reports of Drs. Jeffrey Cain and William Bearden prepared for the present action (doc. # 58). On November 19, 2009, the Magistrate Judge granted both motions. (Doc. # 92.)

NARP now objects to the portions of the Magistrate Judge's Order compelling the production of documents and things relating to the communications between NARP and attorneys Noble and Herlihy. NARP also objects to the portion of the Magistrate Judge's Order compelling production of attorney notes related to its experts Drs. Cain and Bearden. (Doc. # 96.)

## II.     Standard of Review

Both the Magistrates Act and the Federal Rules of Civil Procedure provide for

reconsideration of a non-dispositive order issued by a magistrate judge by the referring district judge. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under Rule 72(a), a party may file objections to the magistrate judge's order withihn 14 days of service of the order and the district judge ". . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Rule 72(a) creates two standards of review: "[t]he 'clearly erroneous' standard applies only to factual findings made by the magistrate judge, while . . . legal conclusions will be reviewed under the more lenient 'contrary to law' standard." Gandee v. Glaser, 785 F.Supp. 684, 686 (S.D. Ohio 1992). These standards "provide[ ] considerable deference to the determinations of magistrates." In re Search Warrants Issued August 29, 1994, 889 F.Supp. 296, 298 (S.D.Ohio 1995) (Holschuh, J.).

The Magistrate Judge's factual findings will be considered clearly erroneous if this Court, on review of all the evidence,

> is left with the definite and firm conviction that a mistake has been committed. The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which [this Court] would draw. Rather, the test is whether there is evidence in the record to support the [Magistrate Judge's] finding, and whether [the Magistrate Judge's] construction of that evidence is a reasonable one.

Heights Community Congress v. Hilltop Realty Corp., 774 F.2d 135, 140 (6th Cir.1985). A legal conclusion would be contrary to law if this Court determines that the Magistrate Judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." Gandee, 785 F.Supp. at 686.

## III.    Analysis

### A.    Communications Between NARP and Norton's Attorneys

NARP argues that the Magistrate Judge's Order compelling production of attorney

communications with NARP regarding the state court litigation was clearly erroneous for several reasons. NARP explains that attorney Noble initially represented Ms. Norton in the state court litigation but later withdrew and was replaced by attorney Herlihy. (Pl.'s Objs. 2, doc. # 96.) NARP concedes, for the purposes of its objections, that Noble acted only as Norton's attorney but asserts that Herlihy acted both as attorney for Norton and for NARP. (Id.) NARP objects to the Magistrate's Order compelling production of NARP's communications with attorneys Noble and Herlihy.

### 1. Attorney Noble

In support of its motion to compel attorney Noble's communications with NARP, Bound Tree contends that since the basis of NARP's lawsuit is that Bound Tree utilized Castellani's testimony in the Norton litigation to misappropriate trade secrets, it needed to discover the communications surrounding that testimony. Bound Tree argues that Noble did not represent NARP, and thus no claim to privilege could apply, as the state court record revealed that both Castellani and attorney Noble represented to the court that there was no attorney client relationship between Noble and NARP. (See Def.'s Mot. Compel, doc. # 57.) In response to NARP's claim that the joint defense or common interest privilege applied to communications with Noble, Bound Tree argues that those privileges were inapplicable and to the extent that they might apply, those claims to privilege were waived by NARP's failure to timely object to the discovery requests on that basis. (See Def.'s Reply, doc. # 71.)

The Magistrate Judge found that the communications between NARP and Norton's attorneys were relevant " to the heart of Bound Tree's defense in this action." (Order 12, doc. # 92.) As NARP concedes here, the Magistrate Judge found that there was no attorney client relationship between NARP and Noble. The Magistrate Judge further found that NARP failed to timely object on joint

4

defense/common interest privilege grounds when it initially received Bound Tree's interrogatories and document requests and therefore, had waived any claim to this privilege. (Id.)  The Magistrate Judge noted that NARP did not attempt to make a showing of good cause to excuse this waiver, but even if it had, the joint defense or common interest privilege would not apply. (Id. 13-14.)

NARP now objects, with respect to attorney Noble, arguing that the Magistrate Judge's Order was clearly erroneous on four grounds: (1) NARP made timely objections to the disclosure of Noble's communications and therefore, did not waive the attorney client or work product privileges under Rule 34; (2) the Order held that a written agreement must exist in order for the joint defense or common interest privilege to apply; (3) the parties did share a common legal interest sufficient to support application of the common interest exception; and (4) the Order requires NARP to produce all communications without regard to relevance. (Pl.'s Objs. 3-4, doc. # 96.)

### a.    Waiver of Attorney Client or Work Product Privileges

NARP first asserts that it did timely object to Bound Tree's document request on grounds of attorney client and work product privileges.  Therefore, NARP argues that it could not have waived the joint defense or common interest privilege, since that privilege is an exception to the rule of waiver when attorney client privileged communications are shared with a third party. (Id. 4.)

The Court notes that NARP did assert the attorney client and work product privileges in response to Bound Tree's Document Request No. 36. (See Doc. # 57-3.)  However, in addition to the Magistrate Judge's finding of waiver, the Order alternatively held that the joint defense or common interest privilege was inapplicable to the present case. (Order 13, doc. # 92.)  The Magistrate Judge correctly found that there was no attorney client relationship between NARP and Noble, as NARP had conceded that point. (Id.)  If there is no attorney client relationship between NARP and Noble,

there can be no privilege, and therefore, no application of an exception which operates only to excuse waiver of the privilege. As the Magistrate Judge explained, the first situation where the joint defense/common interest exception might apply, that is, where one attorney represents multiple clients, is clearly inapplicable here. (Id.) Therefore, regardless of any waiver, the Magistrate correctly held that there was no attorney client relationship bewteen NARP and Noble and no basis for applying the joint defense exception.

### b.     Requirement of Written Agreement

NARP's second objection, on the ground that the Magistrate Judge "held that both the joint defense and common interest exceptions are inapplicable because no written agreement exists between NARP and Mr. Noble," mischaracterizes the Magistrate Judge's Order and inserts language which simply does not exist. (Pl.'s Objs. 5, 7-8.) The Magistrate Judge did <u>not</u> hold that a formal written agreement must exist to assert the joint defense or common interest privilege. Rather, with respect to the second situation where the joint defense privilege might apply, that is, where different attorneys represent multiple parties and share information in furtherance of a common legal defense, the Magistrate Judge found that exception "inapplicable here because NARP has not provided any <u>evidence</u> of <u>an agreement</u> with Mr. Noble to coordinate a common legal defense." (Order 13, doc. # 92) (emphasis added). The joint defense exception requires some evidence of an <u>agreement</u> to share information for the specific purpose of coordinating a common legal defense. See <u>Broessel v. Triad Guaranty Ins. Corp.</u>, 238 F.R.D. 215, 219 (W.D. Ky. 2006). The Magistrate Judge's finding is based on the lack of evidence of an agreement to coordinate a common defense, not the <u>form</u> of the agreement.

In short, the Magistrate Judge's Order does not require a <u>written</u> agreement, and, again, it is

a misrepresentation of the Magistrate Judge's Order to so characterize that Order. Therefore, NARP's objection on the basis that the Magistrate Judge required a <u>written</u> agreement as a prerequisite to application of the joint defense or common interest privilege is unfounded and overruled.

### c. Sufficient Common Legal Interest

NARP's third objection contends that NARP and Norton did share a sufficient common legal interest and that the Magistrate's Order erroneously held otherwise. NARP initially argued, in response to the motion to compel, that the joint defense and common interest privilege applied because ". . . the interests of NARP and Ms. Norton aligned and were 'friendly' in that both parties wanted Ms. Norton's employment by NARP to continue." (Pl.'s Resp. to Def.'s Mot. Compel 3, doc. # 64.) The Magistrate Judge correctly held that for the common interest exception to apply, "the parties must have a common legal, as opposed to commercial, interest." (Order 13, doc. # 92.) In fact, the case law upon which NARP relies in its objections emphasizes this point as well. (Pl.'s Objs. 6, doc. # 96) (citing <u>Libbey Glass, Inc. v. Oneida, Ltd.</u>, 197 F.R.D. 342, 347-48 (N.D. Ohio 1999)).

It is obvious that NARP and Ms. Norton shared a common interest in defeating Bound Tree's action against Norton, but it is equally obvious that their joint interest was commercial– the desire for Ms. Norton not to be held liable so that, as NARP stated, "Ms. Norton's employment by NARP [would] continue." (Pl.'s Resp. to Def.'s Mot. Compel 3, doc. # 64.) The Magistrate Judge correctly held that NARP's "interest in Ms. Norton's continued employment . . . <u>without more</u>, is insufficient to meet its burden here." (Order 13-14, doc. # 92) (emphasis added). Consequently, NARP now sets forth a new argument in its objections, in addition to the continued employment argument initially raised before the Magistrate Judge, in an attempt to establish the requisite common <u>legal</u> interest.

The Court reiterates, as stated above, that the Magistrate Judge correctly held that the interest of NARP in Norton's continued employment was commercial, rather than legal, and insufficient to establish the applicability of the common interest exception. The Court thus overrules NARP's objection on this ground. With respect to NARP's new argument, that it "wanted to preclude the possibility that Defendant would sue NARP for intentional interference with Defendant's contractual relation with Norton," the Court will not consider this new argument as it was not presented to, nor considered by, the Magistrate Judge. (Compare Pl.'s Objs. 7-8, doc. # 96 with Pl's Resp. to Def.'s Mot. Compel 2-4, doc. # 64.) Presenting a new and different argument, not raised before the Magistrate Judge, is an improper method to seek reversal of the Magistrate Judge's decision. As counsel must know, ". . . the Magistrate Judge Act . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Accordingly, the objection on this basis is overruled as the Court will not consider NARP's much belated and improper argument.

### d.    Relevance

Finally, although NARP has listed a fourth objection, stating that the Order compels disclosure without regard to relevancy, NARP does not elaborate on this point. (See id. 2-8.) Thus, no argument has been presented for the Court's consideration with regard to this objection.

For all of these reasons, this Court finds that the Magistrate's Order is neither clearly erroneous nor contrary to established law and consequently, NARP must produce the requested communications with attorney Noble.

### 2.    Attorney Herlihy

In Bound Tree's motion to compel the production of attorney Herlihy's communications with

NARP, Bound Tree argues that it was unclear whether Herlihy represented both NARP and Norton and therefore, whether the attorney client privilege could apply. However, even assuming an attorney client privilege existed between Herlihy and NARP, Bound Tree asserts that the privilege was waived when NARP voluntarily produced protected emails. (See Def.'s Mot. Compel, doc. # 57.)

NARP responded that the documents which were produced were not protected by the attorney client privilege but rather, the work product doctrine. Furthermore, NARP claimed the disclosure was inadvertent and therefore, did not constitute waiver. Finally, NARP claimed that the documents Bound Tree sought were not relevant in the present action. (See Pl.'s Resp. to Def.'s Mot. Compel, doc. # 64.)

The Magistrate Judge found that the communications were relevant and further, that NARP had waived the attorney client privilege through its voluntary production of these strategic emails. (Order 15, doc. # 92.) Even assuming that the disclosure was inadvertent, the Magistrate Judge found that NARP would not be entitled to protection under Federal Rule of Evidence 502, the rule governing the effects of inadvertent disclosures.[1] In particular, the Magistrate Judge found that NARP had not taken reasonable steps to prevent disclosure or to rectify the error. (Id. 16.) With

---

[1]Rule 502 provides, in part, that:

> The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection . . .
>
> **(b) Inadvertent disclosure.**–When made in a Federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

respect to the work product privilege, the Magistrate held that NARP had waived it, by its own admission. (Id.) Further, this waiver constituted a subject matter waiver, i.e., as to the Norton litigation, because the Magistrate Judge found that NARP's "conduct with respect to the privilege [was] inconsistent with its assertion of the privilege." (Id.) (citing The Navajo Nation v. Peabody Holding Co., 255 F.R.D. 37 (D.D.C. 2009)). Therefore, NARP and Herlihy would be required to comply with Bound Tree's discovery request. (Id. 16-17.)

Plaintiff now objects to this portion of the Order on five grounds: (1) the Order erroneously held that the production of the emails at issue constituted a waiver of the attorney client privilege; (2) the Order failed to properly apply Federal Rule of Evidence 502; (3) the Magistrate Judge's decision failed to consider that NARP cannot waive Norton's attorney client privilege; (4) the Order failed to limit waiver to only the subject matter discussed in the privileged communications produced to Bound Tree; and (5) the Order requires NARP to produce all communications without regard to relevance. (Pl.'s Objs. 8-9, doc. # 96.)

### a.    Waiver of the Attorney Client Privilege

First, with respect to waiver of the attorney client privilege, NARP argues that the disclosed emails could not have waived any attorney client privilege because they were not subject to its protection. (Id. 9.) NARP argues that the Magistrate Judge's Order erroneously concluded that four of the disclosed emails contained attorney-client privileged communications, even though the client, NARP, was not a party to the communications, and the emails did not not contain confidential communications related to the purpose for which legal advice was sought. (Id. 10-12.) Furthermore, NARP argues that these emails are subject to the attorney work product privilege, which, even if waived, does not automatically waive the attorney client privilege. (Id. 13.)

10

Bound Tree responds that first, NARP's argument that it was not a party to the emails was never raised before the Magistrate Judge and therefore should be barred, as a party may not raise new arguments to the district judge that were not brought before the magistrate. (Def.'s Resp. to Pl.'s Objs.18, doc. # 98) (citing <u>Murr v. United States</u>, 200 F.3d 895, 902 n. 1 (6th Cir. 2000)). Second, Bound Tree asserts that the Magistrate Judge's determination that the emails did contain confidential legal advice is not clearly erroneous. (<u>Id</u>. 19.)

The Court agrees with Bound Tree that the argument NARP now raises, that NARP was not a party to the emails, was never presented to or considered by the Magistrate Judge. Although NARP summarily argued, in response to the motion to compel, that these emails were "protected by the work product doctrine rather than the attorney client privilege," and that Bound Tree had "failed to show that the emails . . . would be protected by the attorney client privilege," NARP did not elaborate on these points. (Pl.'s Resp. to Def.'s Mot. Compel 4-5, doc. # 64.) As explained above, presenting a new argument or issue, not raised before the Magistrate, is an improper method to seek reversal of the Magistrate Judge's decision.  "[T]he Magistrate Judge Act . . . does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." <u>Murr</u>, 200 F.3d at 902 n.1.  Accordingly, the objection on this basis is overruled.

With respect to the contents of the communications, NARP argues that there is a "difference between an opaque reference to an attorney's advice and a disclosure that illuminates the facts and analysis underlying that advice." (Pl.'s Objs. 11, doc. # 96) (citing <u>Libbey Glass Inc., v. Oneida, Ltd.</u>, 197 F.R.D. 342, 346 (N.D. Ohio 1999)).  NARP asserts that the emails in question do not disclose "the substance of the attorney's advice and the facts upon which that advice was based," and therefore, could not have waived the attorney client privilege. (<u>Id</u>.) (citing <u>Libbey Glass</u>, 197 F.R.D.

at 346).  Again, these arguments were not made or specifically brought before the Magistrate Judge in NARP's response to the motion to compel, and this Court therefore, need not consider them.  <u>Murr</u>, 200 F.3d at 902 n.1.  Even so, the Court cannot find clear error in the Magistrate Judge's determination that the email communications were protected by the attorney client privilege.  The Magistrate Judge had available for his review the emails specifically outlined by Bound Tree in its Motion to Compel (<u>see</u> 10-11, doc. # 57), plus additional pages of emails which NARP produced to Bound Tree, submitted as Exhibit C to Defendant's Motion to Compel. (<u>See</u> doc. # 57-3.)  The Magistrate Judge found "that several of the documents at issue here, as outlined by Bound Tree, contain strategic communications of the nature the privilege was designed to protect." (Order 15, doc. # 92.)  Upon this Court's review of the emails outlined by Bound Tree, the Court finds that the emails do in fact contain attorney advice and discussions of legal strategy pertaining to the Norton Litigation.  Therefore, the Court cannot find the Magistrate Judge's holding clearly erroneous or contrary to law.

NARP also argues that the work product doctrine applies to the emails and that the Magistrate Judge's Order erroneously held, without any factual support, that "NARP, by its own admission, has waived [work product protection]." (Pl.'s Objs. 13) (citing Order 16, doc. # 92.) The Court interprets the Magistrate Judge's finding that NARP waived the work product privilege, "by its own admission," as referring to NARP's voluntary production of documents and NARP's argument that those documents "constitute[d] attorney work product." (Pl.'s Resp. to Def.'s Mot. Compel 4, doc. # 64.)  Obviously, the Magistrate Judge likewise found that these documents were protected by the work product doctrine and determined that the privilege was waived when NARP voluntarily produced the emails.

NARP argues, however, that waiver can only be found if the disclosure is "inconsistent with the adversary system," and NARP asserts that the Magistrate Judge failed to address this issue or discuss why the disclosure in this case is inconsistent with the adversary system. (Pl.'s Objs. 13-14, doc. # 96.) NARP originally made this argument before the Magistrate, citing <u>Broessel</u>, 238 F.R.D. at 221, in its response to Bound Tree's Motion to Compel. (Pl.'s Resp. to Def.'s Mot. Compel 5, doc. # 64.) In <u>Broessel</u>, the court held, in part, that there was no waiver of the work product privilege because the material in question had <u>not</u> been disclosed to the <u>adversary</u>. 238 F.R.D. at 221. Here, NARP <u>did</u> disclose privileged materials to its current adversary, Bound Tree, which pertained to previous litigation between one of its employees and Bound Tree. Although the Magistrate Judge's Order does not make a specific finding that NARP's disclosure was "inconsistent with the adversary system," such a finding is supported by this fact and the Court thus overrules NARP's objection on this basis.

### b.    Federal Rule of Evidence 502

NARP also objects to the Magistrate Judge's Order, arguing that its disclosure of protected materials was inadvertent, and the Magistrate Judge failed to properly apply Federal Rule of Evidence 502. (Pl.'s Objs. 14, 21, doc. # 96.) NARP argues that Rule 502 "sets forth a five factor test for determining whether an inadvertent disclosure constitutes a waiver of the attorney-client privilege." (<u>Id</u>. 14.) NARP maintains that this District has adopted this test, and the test requires the court to balance the following factors: 1) the reasonableness of precautions taken to prevent disclosure in light of the extent of document production; 2) the number of disclosures; 3) the extent of disclosure; 4) promptness of measures to rectify disclosure; and 5) the overriding interests of justice. (<u>Id</u>. 15) (citing <u>Nilavar v. Mercy Health Systems-Western Ohio</u>, No. 3:99-cv-612, 2004 WL 5345311, *3 (S.D. Ohio

Mar. 22, 2004); American Coal Sales Co. v. Nova Scotia Power Inc., No. 2:06-cv-94, 2009 WL 467576, *16 (S.D. Ohio Feb. 23, 2009) (Holschuh, J.)). NARP asserts that the Magistrate Judge erroneously compressed the five factors into two and only addressed one of them. (Id.) Furthermore, NARP argues that the Magistrate Judge failed to take into account the protective order issued in this case and its claw-back provision which protects inadvertent disclosures from constituting waiver. (Id. 16.)

First, with respect to NARP's assignment of error based on the Magistrate Judge's misapplication of Rule 502, NARP mischaracterizes the law. Contrary to NARP's assertion, Rule 502 does not set forth a five factor test for determining waiver; instead, Rule 502(b) sets forth three elements that must be met in order to prevent the disclosure of privileged materials from operating as waiver. Fed. R. Evid. 502(b). Rule 502(b) states that, "[w]hen made in a Federal proceeding . . . [a] disclosure does not operate as a waiver . . . if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error . . . ." (emphasis added). The Magistrate (1) assumed that the disclosure was inadvertent; (2) found that NARP did not take reasonable steps to prevent disclosure; and (3) found that NARP did not take reasonable steps to rectify the error. (Order 16, doc. # 92.) The Magistrate Judge pointed out that the documents were produced in November 2008, and NARP never raised the issue of inadvertent disclosure until after Bound Tree's Motion to Compel was filed. (Id.) Although the Magistrate Judge's analysis is brief, the Order evaluates all of the required elements of Rule 502(b), and the Court notes that NARP would not be entitled to the rule's protection if it failed to meet even one of these three requirements. As such, the Court's review of the record before the Magistrate Judge, at the very least, reveals evidence to support the Magistrate

Judge's finding that prompt, reasonable steps were not taken to rectify the error. Specifically, the record shows that the emails in question were produced in November 2008 in response to a discovery request seeking communications with Norton's attorneys. NARP allegedly became aware of the production of communications with Norton's attorneys by at least March 2009, if not earlier, and NARP never claimed the documents were privileged or sought their return until June 2009, after Bound Tree filed its Motion to Compel. Therefore, the Court cannot find clear error in the Magistrate's conclusion that prompt, reasonable steps were not taken by NARP to rectify this error. The Court thus overrules NARP's objection on this basis.

Second, NARP's reliance on <u>Nilavar</u> and <u>American Coal Sales</u> is misplaced. This Court, in <u>American Coal Sales</u>, reviewed a magistrate judge's decision that pre-dated the enactment of Rule 502 and employed the five factor balancing test from <u>Nilavar</u>, 2004 WL 5345311, *3. <u>American Coal Sales</u>, 2009 WL 467576 at *17. In <u>American Coal Sales</u>, this Court upheld the magistrate judge's decision, which was guided by the test from <u>Nilavar</u>, even though Rule 502 was properly found to apply.[2] <u>Id</u>. at *17 n.1. This Court explained that Rule 502 was consistent with the five factor test the magistrate applied, given that the Advisory Committe Note to Rule 502(b) listed the same factors found in <u>Nilavar</u> as considerations bearing on the Court's determination of "reasonableness" under Rule 502. <u>Id</u>. Specifically, the Advisory Committee Note states that prior to enactment of Rule 502(b), courts employed multi-factor tests, which included consideration of "the reasonableness of

---

[2]This Court explained that Congress provided that Rule 502 'shall apply . . . insofar as is just and practicable, in all proceedings pending on such date of enactment [Sept. 19, 2008].' <u>Id</u>. at *17 n.1 (quoting Pub. L. No. 110-322, 122 Stat. 3537, § 1(c) (2008)). This Court found that it was "just and praticable" to apply Rule 502(b) in <u>American Coal Sales</u> because the rule and the five-factor test from <u>Nilavar</u> were consistent, and therefore, the rule's application would not affect the Court's review of the order. <u>Id</u>.

precautions taken, the time taken to rectify the error, the scope of discovery, the extent of disclosure and the overriding issue of fairness," in determining whether the privilege had been waived. The Advisory Committee Note further explains that although Rule 502(b) does not explicitly codify this multi-factor test, as these factors are "really a set of non-determinative guidelines that vary from case to case," the rule is "flexible" and can accomodate consideration of any of these listed factors when the court is assessing reasonableness. Advisory Committe Note to Fed. R. Evid. 502(b). Thus, the multi-factor test approved of as being consistent with Rule 502(b) in <u>American Coal Sales</u> is not mandatory and merely serves to guide a court's analysis when appropriate under the particular circumstances of each case. <u>Id</u>. Therefore, the Magistrate's decision is not clearly erroneous simply because it did not use all of the factors from <u>Nilavar</u>, which were discussed in <u>American Coal Sales</u>, to guide its anaylsis of Rule 502 in this case.

NARP's final argument, that the protective order entered in this case applies to the emails in question, and therefore should have affected the waiver anaylsis, is also unpersuasive. The Court has reviewed the Agreed Stipulation and Protective Order and finds that the "Scope of [the] Order" is limited to "Designated Materials." (Protective Order ¶ 1, doc. # 22.) As the protective order clearly states, the parties have the right to designate any document or testimony which it provides to any other party as "confidential" or "confidential-attorney's eyes only," if the supplying party believes that the document or testimony consitutes " . . . Confidential Information as defined herein (the "Designated Materials")." (<u>Id</u>.) The order, in no uncertain terms, specifies that "[t]his Order shall govern all Designated Materials." (<u>Id</u>.) Thus, paragraph 16, the "claw-back" or "no waiver" provision, only applies to "Designated Materials." The emails were not designated as "confidential" in this case and the protective order, therefore, is inapplicable.

For all of the reasons stated above, the Court overrules NARP's objections on these bases.

### c.    NARP's waiver of Norton's Attorney Client Privilege

NARP argues that the Magistrate Judge's Order erroneously fails to address the fact that Norton never waived the attorney client privilege, and thus, production of communications by NARP and Herlihy would violate the attorney-client privilege held by Ms. Norton. (Pl.'s Objs. 21, doc. # 96.)  NARP asserts that the Order assumed that Herlihy represented both NARP and Norton, and where documents are shared because of a common interest or joint defense, waiver by one participant in a joint defense or common interest agreement does not operate as a waiver for all other participants. (Id.) (citing In re Commercial Money Center, Inc., 248 F.R.D. 532, 537 (N.D. Ohio 2008)).  Thus, NARP argues that its alleged waiver of the attorney client privilege with respect to the Norton litigation cannot affect Norton's right to assert the attorney client privilege over the subject matter of the emails, i.e., the Norton litigation. (Id.)

Bound Tree responds that NARP's objection is procedurally barred because NARP never argued that its waiver of the joint defense or common interest privilege could not waive Ms. Norton's joint defense or common interest privilege before the Magistrate Judge. (Def.'s Resp. to Pl.'s Objs. 23, doc. # 98) (citing Murr, 200 F.3d at 902 n.1).  Additionally, Bound Tree asserts that the Magistrate Judge found there was no such privilege in this case. (Id. 24.)  Finally, Bound Tree argues that even if a joint defense or common interest privilege exists here, the fact that Norton may still hold that privilege does not affect NARP's waiver, as only NARP, not Norton, must produce the documents in its possession. (Id.) (citing Static Control Components, Inc. v. Lexmark Int'l, Inc., No. 04-84-GFVT, 2007 WL 926985 at *7 (W.D. Ky. Mar. 26, 2007)).

The Court agrees with Bound Tree that NARP's current objection was not raised before the Magistrate Judge and, therefore, the Court will not consider this belated and improper argument. Murr, 200 F.3d at 902 n.1. In response to Bound Tree's Motion to Compel, NARP initially argued that Herlihy had a direct attorney-client relationship with NARP at the time of the email communications at issue, and therefore, those communications were privileged and immune from discovery. (Pl.'s Resp. to Def.'s Mot. Compel 1, 11, doc. # 64.) NARP did not argue, nor submit, evidence of a joint defense agreement between NARP, Norton, and Herlihy. Bound Tree however, submitted a partially executed joint engagement letter from attorney Herlihy to NARP and Norton, which was produced during discovery, in support of its argument that whether Herlihy jointly represented NARP and Norton was unclear. (Def.'s Mot. Compel 4, doc. # 57; Def.'s Reply 1 n.1, Ex. A, docs. ## 71, 71-1.) Only with respect to attorney Noble did NARP argue that the joint defense or common interest privilege applied. (Pl.'s Resp. to Def.'s Mot. Compel 2-4.) Thus, NARP only argued that a direct attorney client relationship existed between NARP and Herlihy before the Magistrate Judge, not that NARP, Norton, and Herlihy were participants in a joint defense or common interest agreement, and therefore the Court must assess the effect of Norton's objections to production on the basis of the attorney client privilege. Furthermore, the Magistrate Judge did <u>not</u> assume that Herlihy jointly represented NARP and Norton; rather, the Magistrate Judge assumed that a direct attorney client relationship existed between NARP and Herlihy, and then found waiver of that privilege. (<u>See</u> Order 14, doc. # 92.) Therefore, NARP's objection on this basis is not well-taken and, consequently, is overruled.

### d. Limiting the Waiver to Subject Matter Disclosed

NARP argues that even if it did waive privilege, waiver must be limited to the subject matter

discussed in the emails, not "every communication" as required by the Magistrate Judge's Order. (Pl.'s Objs. 21-22, doc. # 96.) NARP interprets its disclosed emails as discussing very discrete topics within the Norton litigation and maintains that the Magistrate Judge's finding of subject matter waiver with respect to all communications concerning Norton's state court litigation is overly broad. (Id. 22.) NARP argues that both the Sixth Circuit and Northern District of Ohio "explain[] that 'the same subject matter' should be construed narrowly," and therefore, the Magistrate's finding is clearly erroneous. (Id.) (citing In re Grand Jury Proceedings Oct. 12, 1995, 78 F.3d 251, 255-56 (6th Cir. 1996); United States v. Skeddle, 989 F. Supp. 905, 909 n.2 (N.D. Ohio 1997)).

The Court disagrees with NARP's interpretation of the Sixth Circuit opinion it cites. In Grand Jury Proceedings Oct. 12, 1995, the Sixth Circuit reviewed de novo a district court's determination that the attorney client privilege had been waived by disclosure of attorney advice on two specific points of a 24 point marketing plan, and that the scope of that waiver encompassed advice on the entire marketing plan. 78 F.3d at 252-53. The Sixth Circuit explained that while case law makes clear that waiver applies to any remaining communications on the same subject matter, "subject matter can be defined narrowly or broadly." 78 F.3d at 255 (citing In re Sealed Case, 877 F.2d 976, 981 (D.C. Cir. 1989)). The court agreed that privilege had been waived, but disagreed that waiver of the privilege on several specific points of the plan necessarily constituted waiver as to the entire plan. Id. The court explained that it was "persuaded by the line of cases that try to make prudential distinctions between what was revealed and what remains privileged." Id. at 255-56. Thus, the court held that without the marketing plan before it, it could not determine whether "advice on the specific points might be inextricably linked with advice on the entire twenty-four point marketing plan." Id. at 255. Therefore, on remand, the district court would have to decide the scope of the waiver by

determining whether the remaining points in the marketing plan were truly the same subject matter as the disclosed points. Id. at 256.

As in Grand Jury Proceedings Oct. 12, 1995, determination of the scope of waiver in this case is dependent upon the factual circumstances presented to the court. The line of cases which persuaded the Sixth Circuit to "try to make prudential distinctions between what was revealed and what remains privileged," also relied upon the very different facts presented to each court, with one circuit court explaining that determinations on the scope of waiver "depend heavily on the factual context in which the privilege is asserted . . . ." In re Sealed Case, 877 F.2d at 981; In re Grand Jury Proceedings Oct. 12, 1995, 78 F.3d at 256. While the Sixth Circuit did construe the subject matter waiver more narrowly than the district court in Grand Jury Proceedings Oct. 12, 1995, that finding on *de novo* review of distinguishable facts does not control the present case.

Here, the Magistrate Judge's finding will not be clearly erroneous if "there is evidence in the record to support the [Magistrate Judge's] finding, and . . . [the Magistrate Judge's] construction of that evidence is a reasonable one." Heights Community Congress, 774 F.2d at 140. The Magistrate Judge's legal conclusions will not be considered contrary to law unless those conclusions "contradict or ignore applicable precepts of law . . . ." Gandee, 785 F.Supp. at 686. In this case, the communications at issue discussed various facets of the Norton litigation including whether the transcript of proceedings should be sealed, whether NARP and Bound Tree were actually competitors, the amount of bond and limit on Norton's damages, and strategy to respond to a motion for contempt. Consequently, the Magistrate Judge determined that the subject matter waived was the Norton litigation. Under the law and principles espoused in Grand Jury Proceedings Oct. 12, 1995, this Court cannot hold that the Magistrate ignored applicable precedent or that his determination is

clearly overly broad and unsupported by the evidence. Therefore, the Court overrules NARP's objection on this basis.

### e.    Production of Irrelevant Information

NARP argues that the Magistrate Judge's Order erroneously requires it to produce "all communications between NARP and Ms. Herlihy," even including those documents ". . . that are admittedly not relevant . . . ." (Pl.'s Objs. 23, doc. # 96.)  NARP maintains that the Order "ignores the subject matter specific nature of waiver" and "the mandate of Rule 26(b)(1) that prohibits discovery of information that is not relevant." (Id.)

The Magistrate's Order does state that, "[i]n light of the foregoing, NARP will be required to respond to Bound Tree's discovery requests relating to all communications between NARP and Ms. Herlihy." (Order 16, doc. # 92.)  This Court does not interpret the language, ". . . all communications between NARP and Ms. Herlihy," however, to require production of those documents which are, as NARP argues, "admittedly not relevant."  Instead, this Court interprets the Magistrate Judge's Order as requiring NARP to respond to Bound Tree's discovery requests consistent with the Magistrate Judge's opinion and findings.  The Order initially finds, as Bound Tree argued in its motion to compel, that "any information relating to whether certain topics of Mr. Castellani's testimony could be considered a protected trade secret would go to the heart of Bound Tree's defense in this action," and therefore, "the motion to compel as it relates to communications between NARP and Ms. Norton's attorneys will not be denied on grounds that the communications are not relevant." (Id. 12.)  The Magistrate Judge then found, with respect to Herlihy, that NARP had waived the attorney client and work product privileges and that waiver extended to cover the same subject matter, i.e., the Norton litigation. (Id. 14-16.)  Therefore, "in light of the foregoing," NARP

is required to respond to Bound Tree's discovery requests. The Court thus overrules NARP's objection on this ground.

**B.** **Attorney Notes Relating to NARP Experts Dr. Cain and Dr. Bearden**

NARP objects to the Magistrate Judge's Order compelling production of attorney notes related to the drafts and final expert witness reports from Drs. Cain and Bearden. With respect to Dr. Cain, NARP objects to the Magistrate Judge's legal analysis and the Order's characterization of NARP's counsel's role in the preparation of Dr. Cain's report. (Pl.'s Objs. 24-26, doc. # 96.) With respect to Dr. Bearden, NARP argues that the Magistrate Judge's Order erroneously compelled production of attorney notes related to the preparation of that report. (Id. 27-29.)

**1.** **Dr. Cain**

NARP does not actually object to the production of documents compelled by the Magistrate's Order regarding Dr. Cain and represents that it fully intends to comply with that Order. However, NARP "objects" to the Magistrate Judge's legal analysis. (Pl.'s Objs. 23-24, doc. # 96.) NARP takes issue with the Magistrate Judge's analogy to Reliance Ins. Co. v. Keybank, U.S.A. and what NARP apparently sees as the Magistrate Judge's holding that it, or its experts, may not have complied with Rule 26. (Id. 24-27.) Essentially, NARP has taken the time to object so that it can point out that although it agrees with the Magistrate Judge's final determination, it does not like the Magistrate Judge's reasoning. This is not an appropriate or proper use of objections to a Magistrate Judge's decision. In fact, no objection to the production of documents compelled by the Magistrate Judge's Order has been raised. As such, NARP's "objection" is overruled.

**2.** **Dr. Bearden**

In support of its motion to compel production of the attorney notes related to Dr. Bearden's

expert witness report, Bound Tree argues that although Dr. Bearden apparently prepared his own report, he destroyed the notes of his communications with NARP's attorneys and has no recollection of those discussions. Thus, Bound Tree had no way of knowing how this expert report was actually developed without additional information by way of the attorney notes. (See Def.'s Mot. Compel Produc. Related to Experts, doc. # 58.)

In response, NARP argued that Dr. Bearden was not required to retain all of his personal notes and NARP's attorneys' notes were not discoverable simply because Dr. Bearden had destroyed his. Furthermore, these notes were subject to attorney work product protection. (See Pl.'s Resp. in Opp'n to Mot. Compel, doc. # 67.)

The Magistrate Judge agreed with Bound Tree and found the requested information discoverable. The Magistrate Judge held that under Rule 26, a testifying expert must disclose the data and information he considered while forming his opinion. This includes even attorney work product provided to the testifying expert. (Order 20) (citing Regional Airport Authority of Louisville v. LFG, LLC, 460 F.3d 697 (6th Cir. 2006)). Furthermore, fact work product is discoverable under Rule 26(b)(3) "upon a showing a of substantial need and the inability to otherwise obtain the information without material hardship." (Id.) (citing Reliance, 2006 WL 543129 at *1). The Magistrate Judge held that if Dr. Bearden's notes pertaining to his conversations with counsel during the process of drafting his report were still in existence, they would have been discoverable. The Magistrate Judge explained that Bound Tree is entitled to learn the attorneys' role in drafting this report and has a compelling interest in being able to effectively cross-examine the expert. Thus, given that the notes were no longer in available, and Dr. Bearden could not recall the details of his discussions with NARP's attorneys, Bound Tree had established substantial need for the attorney

notes and due to time issues, could not otherwise obtain the information without material hardship. (Id. 21.)

NARP now objects to this portion of the Magistrate Judge's Order asserting that an expert's "working notes" are not discoverable, let alone any attorney notes which might reflect "those same 'working' efforts." (Pl.'s Objs. 27) (citing McDonald v. Sun Oil Co., 423 F. Supp. 2d 1114, 1122 (D. Or. 2006), *aff'd in part, rev'd in part by* McDonald v. Sun Oil Co., 548 F.3d 774 (9th Cir. 2008); Gillespie v. Sears, Roebuck & Co., 386 F.3d 21, 34-35 (1st Cir. 2004)). NARP argues that the district court in McDonald held that the expert's working notes were not discoverable and furthermore, the court never considered requiring production of attorney notes in lieu of the expert's destroyed notes. (Pl.'s Objs. 27-28.) Similarly, NARP asserts that the First Circuit in Gillespie held that the Federal Rules of Civil Procedure do not require production of an expert's working notes. (Id. at 27.)

NARP's objections are unavailing. First, McDonald is not applicable here, as that case involved a motion for sanctions for spoliation of evidence due to the expert's destruction of some of his working notes. 423 F. Supp. 2d at 1122. Second, unlike the present case, "all drafts and correspondence between the experts and defense counsel" were produced to the plaintiff in McDonald. Id. (emphasis added). The court held that the plaintiff would be able to conduct proper cross-examination and determine counsel's role in the formulation of the expert's opinion, because "all communications with counsel h[ad] been provided . . . ." Id. at 1123 (emphasis added). In this case, Dr. Bearden destroyed all of his notes of discussions with NARP's attorneys and does not remember the substance of those conversations, and therefore, "all communications with counsel" have not been provided in this case. Consequently, unlike the plaintiff in McDonald, Bound Tree will

not be able to determine counsel's role in formulating Dr. Bearden's opinion nor will it be able to effectively cross-examine him without discovery of the relevant communications between Dr. Bearden and NARP's counsel.

Additionally, NARP's reliance on Gillespie for the proposition that an expert's working notes are not discoverable is misplaced. In Gillespie, the First Circuit was reviewing whether the discovery sanctions levied by the trial court, due to the expert's failure to automatically produce all of his working notes, were warranted. 386 F.3d at 34 (emphasis added). Within that context, the court held that Fed. R. Civ. P. 26(a)(2)(B) ". . . does not require that the expert report contain, or be accompanied by, all working notes or recordings . . . ." Id. at 35 (emphasis added). The court only addressed whether all working notes should be automatically produced under Rule 26, not whether an expert's notes are discoverable, or whether attorney notes are discoverable with a showing of substantial need – the issue in this case. Neither Gillespie nor McDonald provide any basis to reverse the Magistrate Judge's determination.

Finally, NARP further objects to the Magistrate Judge's Order arguing that it erroneously fails to limit production to only "fact" work product, rather than "opinion" work product. (Pl.'s Objs. 28.) NARP maintains that opinion work product is not discoverable absent waiver and regardless of any "substantial need." NARP also represents that no attorney notes constituting fact work product exist. (Id.)

Again, NARP mischaracterizes the Magistrate Judge's Order. The Magistrate Judge correctly held that "all documents and information, including attorney opinion work product, provided to testifying experts" must be disclosed under Rule 26. (Order 20, doc. # 92) (citing Regional Airport Authority of Louisville v. LFG, LLC, 460 F.3d 697 (6th Cir. 2006)). Thus, any documents or other

information which were provided to Dr. Bearden, even if classified as attorney opinion work product, must be produced to Bound Tree. Furthermore, the Magistrate Judge properly held that fact work product is discoverable upon a showing of substantial need and inability to obtain the information without material hardship. (Id. 20-21) (citing Fed. R. Civ. P. 26(b)(3); Reliance, 2006 WL 543129 at *1). As explained above, the Magistrate Judge appropriately held that Bound Tree had made the requisite showing. Therefore, to the extent that fact work product exists, NARP must produce it. NARP's objections are therefore overruled.

## IV. Conclusion

For the foregoing reasons, Magistrate Judge Kemp's Order is not clearly erroneous nor contrary to law, and the Court therefore **OVERRULES** Plaintiff's objections. (Doc. # 96.) The Plaintiff is required to respond to Defendant's discovery requests as initially ordered by Magistrate Judge Kemp. (Doc. # 92.)

**IT IS SO ORDERED.**

Date: May 10, 2010                                 **/s/ John D. Holschuh**
                                                   John D. Holschuh, Judge
                                                   United States District Court